UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONI H.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C23-6047-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the medical evidence, Plaintiff's testimony, the lay evidence, and residual functional capacity ("RFC"). (Dkt. # 12.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

## II.    BACKGROUND

Plaintiff was born in 1967, has a high school education, and no past relevant work. AR at 30-31, 41. He has not engaged in substantial gainful activity during the relevant period. *Id.* at 23.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

1   In November 2021, Plaintiff applied for benefits, alleging disability as of November

2   2004. AR at 21. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

3   requested a hearing. *Id.* After the ALJ conducted a hearing in January 2023, the ALJ issued a

4   decision finding Plaintiff not disabled. *Id.* at 21-32.

5   Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part,

6   Plaintiff had the severe impairment of schizophrenia and could perform a full range of work at

7   all exertional levels with some non-exertional limitations: he could frequently work in dust,

8   fumes and pulmonary irritants; he could occasionally move mechanical parts and work at

9   unprotected heights; and he could carry out detailed but uninvolved written or oral instructions

10  with few concrete variables. AR at 23, 25.

11  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

12  Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

13  Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

15  Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

16  security benefits when the ALJ's findings are based on legal error or not supported by substantial

17  evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

18  general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

19  ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

20  (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

21  alters the outcome of the case." *Id.*

---

[2] 20 C.F.R. § 404.1520

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

#### A. The ALJ Did Not Err in Evaluating Medical Evidence

Plaintiff argues the ALJ failed to properly evaluate the medical evidence. (Dkt. # 12 at 2-7.) The Commissioner contends the ALJ's evaluation of the medical opinions was reasonable and supported by substantial evidence. (Dkt. # 17 at 3-8.) The Court agrees.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In December 2007, Dr. Maryann Price opined that Plaintiff had difficulty understanding directions, following daily performance requirements, and solving problems. AR at 391-94. She referenced Plaintiff's history of psychiatric hospitalization and lack of interest in career training to support her assessment. *Id.* Later, in May 2010, Dr. Terrence Schomburg assessed that

ORDER - 3

Plaintiff's symptoms severely impacted his ability to work or maintain social relationships. *Id.* at 1105-10.

The ALJ found these opinions unpersuasive, citing a lack of objective support and inconsistencies with the record. AR at 29-30. An ALJ may reject medical opinions that are contradicted by objective evidence in the medical record. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject medical opinion based on unreliable self-reporting); *Woods*, 32 F.4th at 793 (opinion unpersuasive due to conflict with normal mental findings). The ALJ noted Plaintiff routinely denied mental health symptoms, was not engaged in ongoing mental health treatment, and that the record did not corroborate psychiatric hospitalizations during the relevant period. AR at 29-30 (citing *id.* at 370, 372, 401, 417-18). The ALJ also highlighted inconsistencies between the doctors' reports and other records, such as Plaintiff's self-reported educational history. *Id.* (compare *id.* at 1106 (Plaintiff reported he did not continue school after leaving the military) with *id.* at 30, 43, 417-18 (indicating Plaintiff continued schooling)).

Plaintiff does not challenge these findings on their merits. Instead, he spends several pages summarizing parts of the medical record before asserting the evidence is "essentially uncontradicted" and that the ALJ erred. (Dkt. # 12 at 2-7.) This argument, absent more, fails to demonstrate error in the ALJ's assessment. *See Molina*, 674 F.3d at 1111 (burden of showing harmful error is on party attacking an agency's determination). The Ninth Circuit recognizes that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). Bare assertions and lists of facts, without analysis, do not meet the requirement that Plaintiff articulates his

ORDER - 4

contentions and reasons with specificity. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007); *see also Putz v. Kijakazi*, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022). The Court will not "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

In summarizing the medical records, Plaintiff also contends the ALJ erred by not evaluating November 2004 clinical findings from Dr. Judith Tyler. (Dkt. # 12 at 3-4.) However, Dr. Tyler's notes do not describe Plaintiff's abilities, limitations, or how long his restrictions would last. AR at 1115-18. Consequently, Dr. Tyler's findings were not a medical opinion the ALJ was required to discuss. 20 C.F.R. § 404.1513(a)(2); *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ only required to discuss relevant evidence).

Finally, Plaintiff argues the ALJ failed to provide sufficient reasons for concluding the doctors' opinions were of limited relevance, asserting the ALJ erred by not adopting the VA's affirmative disability finding, focusing on the doctors' one-time examinations, and rejecting them because they were not provided during the relevant period. (Dkt. # 12 at 7.) This argument is unavailing. "The 2017 regulations removed any requirement for an ALJ to discuss another agency's rating." *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023); 20 C.F.R. § 404.1504. Moreover, the regulations allow the ALJ to consider the length of a treatment relationship in assessing medical opinions, *see* 20 C.F.R. §§ 404.1520c(a), (b)(2), (c)(3), and discount opinions which are not probative of the relevant period. *See, e.g.*, *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995); *Dana K. v. Comm'r of Soc. Sec.*, 2023 WL 4561080, at *2 (W.D. Wash. July 17, 2023). While Plaintiff disagrees with the ALJ's conclusions, he fails to articulate error in the ALJ's reasons.

ORDER - 5

In sum, the ALJ considered the supportability and consistency of each medical opinion and provided specific explanations to support his conclusions. AR at 29-30. The ALJ's evaluation of the record was reasonable and supported by substantial evidence. *See Thomas*, 278 F.3d at 954. Plaintiff contends that a reasonable ALJ "could" have found him disabled (dkt. # 12 at 7), but just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis original). For these reasons, the Court affirms the ALJ's evaluation of the medical opinion evidence.

B.   **The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Plaintiff testified that his mental impairments limited his ability to remember, complete tasks, concentrate, understand, follow instructions, and get along with others. AR at 212. The ALJ considered Plaintiff's allegations and discounted them due to inconsistencies with objective medical evidence, lack of treatment, and daily activities. *Id.* at 24-30. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony.").

Plaintiff asserts the ALJ erred in evaluating his testimony for several reasons. (Dkt. # 12 at 7-13.) First, Plaintiff argues the ALJ failed to properly evaluate the medical evidence. (*Id.* at 7-8.) This argument is unavailing because, as explained earlier, the ALJ did not err in evaluating the objective medical evidence.

Next, Plaintiff argues the ALJ erred by selectively summarizing the medical records and misapplying the "objective evidence test." (Dkt. # 12 at 8-9.) Specifically, he asserts that: the ALJ failed to consider that he did not engage in mental health treatment because of adverse side

ORDER - 6

effects to medications; his statements concerning work, education, social activities, and travel were "at least partially delusional"; and the activities cited by the ALJ were only isolated instances of socialization. (*Id.*) Although Plaintiff suggests the ALJ failed to consider the longitudinal record, the record paints a different picture. AR at 24-30. Contrary to Plaintiff's testimony of debilitating issues remembering, understanding, and applying information, the ALJ noted treatment notes routinely observed Plaintiff answering questions, articulating symptoms, and recalling information; his examiners consistently reported benign mental status findings; and he only displayed mild impairment during one exam. *See, e.g.*, *id.* at 370-71, 374, 376, 387, 389, 400, 417, 687, 1134. The ALJ's characterization of this evidence is reasonable and Plaintiff's simple disagreement with the ALJ's conclusion does not establish harmful error.

The Court notes the legal standard that once a claimant has established a severe impairment "an [ALJ] may not reject [his] subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity" of his symptoms. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, in this case the Court concludes the ALJ did not simply reject Plaintiff's testimony due to lack of corroborating objective medical evidence, but also because Plaintiff's lack of treatment, statements to providers, and daily activities, were inconsistent with the degree of limitation he alleged. Thus, the Court is not persuaded by Plaintiff's argument that the ALJ rejected his testimony based solely on a lack of objective medical evidence fully corroborating it.

Furthermore, the rule about objective evidence does not preclude an ALJ from using inconsistent evidence to discount subjective testimony. The Ninth Circuit has consistently found when objective medical evidence in the record is inconsistent with the claimant's testimony, the ALJ may weigh it against such testimony. *See, e.g.*, *Chaudhry v. Astrue*, 688 F.3d 661, 672–73

(9th Cir. 2012) (affirming an ALJ's determination that interpreted and preferred objective medical evidence to subjective testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (affirming an ALJ's discounting of subjective claims of disabling pain based on objective medical evidence and a claimant's daily activities); *Thomas*, 278 F.3d at 959 (affirming an ALJ's decision discounting a claimant's testimony after "finding no objective medical evidence to support [claimant's] descriptions of her pain and limitations," and "that [claimant] was able to perform various household chores such as cooking, laundry, washing dishes, and shopping"); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165–66 (9th Cir. 2001) (affirming an ALJ's rejection of allegations of disabling pain based on normal physical examinations); *Molina*, 674 F.3d at 1113 (rejecting testimony inconsistent with exam observations). Instead, the objective evidence standard "requires that an ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective testimony when there is no objective testimony evincing otherwise." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). That is, an ALJ may not demand positive objective evidence supporting every allegation a claimant makes.

Ultimately, the clear and convincing standard requires an ALJ to show his work, which the ALJ did here. The ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. Here, it does: the ALJ cited specific, clear, and convincing examples across a multi-year period contrasting Plaintiff's testimony with objective medical evidence. AR at 24-30.

Plaintiff broadly contends that the activities and statements the ALJ relied on were isolated examples, or partly delusional, but – as before – this fails to highlight any specific error the ALJ committed. (Dkt. # 12 at 8-9.) The ALJ discussed records indicating Plaintiff enjoyed reading, was enrolled in an MBA program, did not require assistance with daily activities, attended medical appointments independently, lived alone, traveled frequently – including international trips to Europe, South America, Thailand, Vietnam, Cambodia, Turkey, Morocco, Germany, Spain, and Portugal – and reported working as a contractor. AR at 24-30 (citing *e.g.*, *id.* at 41, 43, 47-48, 52, 211, 370, 374, 383, 399, 417-18, 514, 562, 579, 587-88, 606, 619, 622, 628, 641, 653, 687, 789, 808, 822). An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and in statements about daily activities, to reject symptom testimony. *Farlow*, 53 F.4th at 489.

Plaintiff's conclusory challenge does not establish the ALJ erred in evaluating his activities; it simply asks the Court to adopt an interpretation favorable to his claim. Even assuming the evidence is susceptible to more than one rational interpretation, the Court cannot say that the ALJ's interpretation was unreasonable. *See Burch*, 400 F.3d at 679 (affirming ALJ where evidence of daily activities was susceptible to more than one rational interpretation).

Finally, Plaintiff spends several pages summarizing his testimony before asserting the ALJ improperly rejected it and that a reasonable ALJ could have reached a different decision. (Dkt. # 12 at 9-13.) This argument does not identify an error in the ALJ's decision. *Carmickle*, 533 F.3d at 1161 n.2 (noting the court ordinarily will not consider matters that are not specifically and distinctly argued in an appellant's opening brief); *see also Molina*, 674 F.3d at 1111 (burden of showing harmful error falls on the party attacking an agency's determination).

As before, the simple fact that "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi*, 870 F.3d at 879-80 (emphasis original).

The record thus reflects that the ALJ provided specific, rational, and cogent reasons for discounting Plaintiff's testimony, and Plaintiff's disagreement with the ALJ's reasoning fails to show harmful error in the ALJ's finding. Although the ALJ's interpretation may not be the only one, it is rational and must be upheld. *See Smartt*, 53 F.4th at 494; *Thomas*, 278 F.3d at 954.

### C.   The ALJ Did Not Err in Evaluating the Lay Evidence

Plaintiff's friend, R.M., reported that Plaintiff had difficulty socializing and struggled with comprehension, memory, and behavior. AR at 270-73. The ALJ found R.M.'s testimony consistent with Plaintiff's reports and rejected it for the same reasons, also noting that R.M. has not seen Plaintiff since 1997. *Id.* at 30. Plaintiff argues "these are not germane reasons" to reject R.M.'s testimony. (Dkt. # 12 at 14.) The Commissioner contends the ALJ was not required to articulate reasons for rejecting evidence from a nonmedical source. (Dkt. # 17 at 14.)

Under the applicable regulations, the ALJ is "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. § 404.1520c(d). The Ninth Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for discounting lay witness testimony. *See, e.g.*, *Muntz v. Kijakazi*, 2022 WL 17484332, at *2 (9th Cir. Dec. 7, 2022); *Weitman v. Kijakazi*, 2022 WL 17175060, at *4 n.4 (9th Cir. Nov. 23, 2022); *but see Fryer v. Kijakazi*, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022); *Kennedy v. O'Malley*, 2024 WL 242992, at *2 (9th Cir. 2024).

Despite this, other relevant regulations indicate ALJs must consider evidence from nonmedical sources when evaluating a claim of disability, which includes observations made by a claimant's family, neighbors, friends, or other persons. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1),

ORDER - 10

404.1545(a)(1), 404.1545(a)(3). The notion an ALJ can disregard relevant lay evidence without reason is inconsistent with the Commissioner's obligation to consider such evidence. The ALJ must provide some rationale to allow the Court to evaluate whether the decision is free of legal error and supported by substantial evidence. *See, e.g.*, *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Vincent*, 739 F.2d at 1395.

Here, R.M.'s testimony is relevant evidence the ALJ considered and rejected on the grounds the medical record did not support a disability finding. The Court previously found the ALJ did not err in evaluating several medical opinions and Plaintiff's testimony based on this rationale. *See Molina*, 674 F.3d at 1117. Because R.M. provided testimony similar to Plaintiff's testimony, the ALJ did not harmfully err, as the reasons the ALJ gave to reject Plaintiff's testimony apply in equal force to R.M.'s testimony.

**D.     The ALJ Did Not Err in Evaluating RFC**

Plaintiff argues the ALJ's RFC assessment fails to include all of the limitations assessed by the medical opinions, Plaintiff's testimony, and the lay witness evidence. (Dkt. # 12 at 15-16.) This argument fails because as discussed above the ALJ properly evaluated the evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**V.     CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of July, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 11